IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:25-cv-04258-WJE ) |
| ERIN BURNETT, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Presidential Candidate Number P60005535, also known as Ronald Satish Emrit, and Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 doing business as United Emrits of America, *pro se*, have requested leave to proceed with their Complaint without payment of the filing fee, pursuant to 28 U.S.C. § 1915, and submitted a financial affidavit in support. (Doc. 1). For the reasons set forth below, it is recommended that Plaintiffs' motion be denied and the case be dismissed.

### I.   Background

Plaintiffs allege that defendant Erin Burnett, a news anchor on CNN, has defamed, cast in a false light, and caused intentional emotional distress to Presidents William Clinton and Donald Trump "by insinuating that both of them are on a client list provided by either Jeffrey Epstein or his accomplice Ghislain Maxwell." (Doc. 1-1 at 9-11). Plaintiffs have filed suit against Erin Burnett; the Hypothetical Erin Burnett for President 2028 Campaign; Volodymyr Zelenskyy, President of Ukraine; Estate of Alexei Navalny; Maria Cherniavska of Warsaw, Poland; Darya Ignateva of Kyiv, Ukraine; Kateryna Olokoba of Kherson, Ukraine; International Court of Justice

of the Hague, Netherlands; Rachel Barreiro Garcia of Madrid, Spain; the Estate of Ruth Bader Ginsburg; Sabine Aisha Jules of Fort Lauderdale, Florida; Yanick Rachel Emrit; Edna Carrasco of Panama City, Panama; Ana Gomez of Medellin, Colombia; Alina Alvarez of Madrid, Spain; and Marena Linares of Tenerife in the Canary Islands. (Doc. 1-1. at 1). Plaintiffs are requesting that the Court issue a declaratory judgment that Erin Burnett has made defamatory comments against President Donald J. Trump and that the Court issue a preliminary injunction preventing CNN from defaming President Trump. (*Id.* at 12).

## II.     Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>> (B) the action or appeal—
>>
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). While a *pro se* pleading is to be liberally construed, it still must allege some facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendant(s), based on some established rule of law. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). An action is frivolous if it "lacks an arguable basis in either law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Id.* at 327.

### III.    Discussion

The Court has reviewed Plaintiffs' affidavit of financial status and finds that they are qualified for *in forma pauperis* status based on economic need. However, applying 28 U.S.C. § 1915(e)(2)(B) and Local Rule 83.7 to the case at hand, Plaintiffs' Complaint is frivolous and lacks an arguable basis in either fact or law. Accordingly, the Court recommends that Plaintiffs' motion be denied and the case be dismissed.

**A. Plaintiffs have alleged no facts supporting the basis of their claims.**

Plaintiffs have brought claims for several dignitary torts against Erin Burnett, a news anchor on CNN. (*See* Doc. 1-1). Sixteen defendants are named, but the Complaint indicates only claims against Erin Burnett. (*See* Doc. 1-1). There are no claims brought against fifteen of the named defendants. There are no facts alleged in the Complaint that would entitle the plaintiff to legal remedy against the other fifteen named defendants. (*See* Doc. 1-1); *see Stone*, 364 F.3d at 914.

Furthermore, the Complaint is devoid of any specific facts supporting the basis of the claims brought against Erin Burnett. Plaintiff brings claims for dignitary torts, but does not allege what the defamatory statements were, when they were made, or how they harm the alleged victims. The proposed Complaint is devoid of any specific facts supporting the basis of the claims against defendant Erin Burnett and fails to allege an injury that has been caused by this defendant. Even applying the liberal pleading standard afforded to *pro se* plaintiffs, the proposed Complaint lacks

an arguable basis in either fact or law. *See Neitzke*, 490 U.S. at 327 (holding that courts may dismiss claims as frivolous if they are "based on an indisputably meritless legal theory").

**B. Plaintiffs do not have standing to bring these claims.**

In order to have standing to bring a claim, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Injury in fact requires a plaintiff show that he or she has suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132, 1134 (8th Cir. 2023) (quoting *Spokeo*, 578 U.S. at 339). An injury is "particularized" when it affects the plaintiff in "a personal and individual way." *Spokeo*, 578 U.S. at 339 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Plaintiffs generally "must assert [their] own legal right and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (citing *Warth v. Deldin*, 422 U.S. 490, 499 (1975)).

In this case, Plaintiffs allege that Erin Burnett has defamed former President William Clinton and current President Donald Trump. (Doc. 1-1 at 9-11). Plaintiffs attempt to rest their claim for relief on the legal rights of former President Clinton and President Trump. *See Kowalski*, 543 U.S. at 129 (stating that plaintiffs must rest their claims for relief on their own legal rights, not those of third parties). The alleged defamation of third parties is not an injury that affects Plaintiffs in a "personal and individual way." *See Spokeo*, 578 U.S. at 339. Plaintiffs fail to allege a personalized injury that is traceable to the actions of any named defendant. Accordingly, they lack standing to bring the claims indicated in the proposed Complaint.

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order denying Plaintiffs' motion and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 10th day of November, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge